United States District Court for the Northern District of Georgia
ATLANTA DIVISION

| Keith P. Studley, Appellant<br>270 Bellevue Ave<br>#235<br>Newport, RI 02840<br><br>V<br><br>The Housing Authority of the City of Atlanta Georgia<br>Renee Glover, CEO Appellee(s)<br>230 John Wessley Dobbs Ave NE<br>Atlanta, GA | Case No:<br><br>1:11-CV-2601 -ODE<br><br>Agency Docket No.: 10-D-243<br><br>COMPLAINT FOR APPEAL OF AGENCY DECISION FOR VIOLATIONS OF DUE PROCESS UNDER THE 5th AMENDMENT OF THE UNITED STATES CONSTITUTION |
|---|---|

## TIMELINE OF EVENTS

1. The Appellee, on 7/23/2010 did initiate a termination of assistance against the Plaintiff, which was received by the Appellant on 7/29/2010. The charges were
    a. The Appellant did not request prior written authorization from the Appellee or the Landlord to add members to the household, as occupants of the assisted unit.
    b. The Appellant did cause serious and/or repeated violations of the lease.

2. The Appellant did request an informal hearing on 7/29/2010, subsequently, an informal hearing was held on 8/12/2010, at which point, evidence was presented and testimony was given. Carvalho and Beaujon were present at the hearing and testified that they nor do their cats live there and have never lived there. They also testified that the cats in question have never resided at that address and have only been there on visits that did not last more than 8 hours in a week's time span.

3. The Appellant, as part of discovery, submitted evidence showing that Carvalho, Beaujon and the cats did not live at the Appellant's home. This was in the form of a letter dated 8/16/2010 from a Mrs. Juanita Smith, which states "Since March 16th, 2010 they have been allowed to keep a maximum of 4 cats on the property."

4. The Appellee, through its hearing officer rendered a decision on 9/7/2010, which was decided after the fifteen (15) day window allowed by its policies, which terminated all assistance effective 10/31/2010, and therefore the hearing officers decision should not be upheld, as it was not rendered in the timeframe allotted by the Appellees policies and procedures at the time of the hearing.

## ISSUES AT QUESTION

5. The first issue presented to the court is whether or not the Appellee had sufficient evidence to support its claims that the Appellant had violated the lease repeatedly. Since the Appellant did not own these cats, and they were not on the property that often, and the fact that the Appellant was not keeping the extra cats on the property clearly shows that the Appellant did not violate the lease at all. In support of this claim, is the fact that the Appellee's hearing officer asked the landlord, "Mr. Spalding have you filed, or do you have any intention of filing for eviction against Mr. Studley?" the landlords response to that question was "I have not filed for eviction, nor do I intend to file for eviction at this time." If the landlord does not file for eviction, that means that there was no violation of the lease, and therefore the termination of the voucher for this particular issue is unjust due to insufficient evidence, as it is not the housing authority's job, duty or obligation to enforce a landlord's lease.

6. Secondly The hearing officer for the Appellee stated, prior to the start of the hearing, that he was an attorney for the Appellee. This creates an apparent conflict of interest, since if he decided against his employer, the Appellee, his employment could have been terminated, therefore violating the Appellants due process rights. Since the Appellee receives Federal Funding directly from the United States Department of Housing and Urban Development to run the Housing Choice Voucher Program, it is considered an extension of the Federal Government, and therefore all of the Amendments to the United States Constitution apply to the Appellee, and therefore the conflict of interest violates the 5th amendment of the United States Constitution.

7. Lastly, even if there was sufficient evidence to support the multiple violations, for visiting pets, the clause in the lease regarding animal access would be a criminal act, in violation of the Official Code of Georgia §16-12-4, which makes it a misdemeanor offense to not provide food and/or water for domesticated animals, or to provide unjustifiable pain. The code does not distinguish If the Appellant would have waited for the landlord to give written permission, it would've caused unjustifiable pain to the animals, since they would have had no place to be in the shade, or away from the roadway for an extended period of time in 100 plus degree heat. Therefore because that provision of the lease could never have been enforced by a court of law, that clause in the lease cannot be used by the Appellee to enforce the lease agreement. This is further evidenced by the landlords refusal to prosecute the alleged lease violations.

## REMEDY SOUGHT

8. The first remedy that is requested by the Appellant is for housing assistance to be reinstated effective upon this court's decision. The voucher cannot be backdated.

9. The second remedy is for reimbursement of the housing assistance lost, at the last contracted amount with the Appellee, which was (with HUD Mandated Utility Allowances) $745 per month multiplied by an anticipated eighteen (18) months until possible court decision for a total of thirteen thousand four hundred and ten dollars ($13,410).

10. The final remedy, is for the recertification and port processes to begin within 24 calendar hours, and to be completed within thirty (30) days with all costs for transportation, lodging, and food to be paid by the Appellee for the duration of the port process, which as of Thursday, July 28, 2011 would be airfare in the amount of four hundred and twenty dollars ($420) (Delta Airlines Economy Trip from Providence, RI to Atlanta, GA, for the round trip, Public Transportation Fare in the amount of seventeen dollars ($17) (MARTA) and Hotel Accommodations for seven (7) days at Best Western Inn at the Peachtrees at two hundred and ninety-nine dollars ($299) per night plus forty-four dollars and ninety five center per night taxes, for a total stay of two thousand four hundred six dollars and ninety-five cents ($2406.95) for the entire stay, for a total lodging and transportation award of two thousand eight hundred forty-three dollars and ninety-five cents ($2,843.95).

11. Total Monetary Award Sought is sixteen thousand two hundred fifty-three dollars and ninety-five cents. ($16,253.95), plus the Appellant seeks to have the court reimbursed by the Appellee for all costs associated with the case being filed in forma pauperis.

12. Lastly, The Appellant seeks immediate execution upon the courts judgment decree.

*Keith P. Studley*

Submitted by Keith P. Studley